UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------X

UNITED STATES OF AMERICA

    - against -

JOSE AMADO GONZALEZ GOMEZ,
    a/k/a Jose Gonzalez,
    a/k/a Jose Santos-Gonzalez,
    a/k/a Eugene Vasquez,
    a/k/a Franklyn Antigua

    Defendant.

ORDER OF
JUDICIAL REMOVAL

19 Cr. 669 (GHW)

------------------------------X

Upon the application of the United States of America, by Jun Xiang, Assistant United States Attorney, Southern District of New York; upon the Factual Allegations in Support of Judicial Removal; upon the consent of JOSE AMADO GONZALEZ GOMEZ, a/k/a Jose Gonzalez, a/k/a Jose Santos-Gonzalez, a/k/a Eugene Vasquez, a/k/a Franklyn Antigua, and upon all prior proceedings and submissions in this matter; and full consideration having been given to the matter set forth herein, the Court finds:

1.     The defendant is not a citizen or national of the United States.

2.     The defendant is a native of the Dominican Republic and a citizen of the Dominican Republic.

3.     On September 7, 1993, the defendant, using the name "Eugene Vasquez" was convicted in the Supreme Court of the State of New York, New York County, of Criminal

Possession of a Controlled Substance in the Second Degree, in violation of New York Penal Law Section 220.18.

4. On September 7, 1993, the defendant was sentenced principally to three years' imprisonment.

5. On October 25, 2005, the defendant, using the name "Jose Gonzalez" pled guilty in the Supreme Court of the State of New York, New York County, to Assault in the Second Degree, in violation of New York Penal Law Section 120.05(2); an aggravated felony.

6. On January 27, 2006, the defendant was sentenced to two years' imprisonment.

7. On January 16, 2007, the immigration judge issued a removal order, ordering the defendant, under the name "JOSE AMADO GONZALEZ GOMEZ" removed from the United States to the Dominican Republic.

8. October 24, 2007, the defendant was removed from the United States to the Dominican Republic, pursuant to the final order of removal.

9. At some point after October 24, 2007, but before April 2019, the defendant illegally entered the United States without being admitted or paroled or at any time or place than as designated by the Attorney General.

10. At the time of sentencing in the instant criminal proceeding, the defendant will be convicted in this Court for the offense of illegal reentry into the United States in violation of Title 8, United States Code, Sections 1326(a) and (b)(2).

11. A maximum sentence of 20 years' imprisonment may be imposed for this offense.

12. The defendant is subject to removal pursuant to section 212(a)(2)(A)(i)(I) Immigration and Nationality Act of 1952, as amended ("INA"), 8 U.S.C. § 1182(a)(2)(A)(i)(I), as an alien convicted of acts which constitute a crime involving moral turpitude; section 212(a)(2)(A)(i)(II)

of the INA, 8 U.S.C. § 1182(a)(2)(A)(i)(II), as an alien who has been convicted of, or who admits having committed acts which constitute the essential elements of, a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance; section 212(a)(6)(A)(i) of the INA, 8 U.S.C. § 1182(a)(6)(A)(i), as an alien who is present in the United States without being admitted or paroled, or who arrived in the United States at any time or place than as designated by the Attorney General; and section 212(a)(9)(C)(i)(II) of the INA; 8 U.S.C. § 1182(a)(9)(C)(i)(II), as an alien who has been ordered removed under section 235(b)(1), section 240, or any other provision of law, and who enters or attempts to reenter the United States without being admitted.

13. The defendant has waived his right to notice and a hearing under Section 238(c) of the INA, 8 U.S.C. § 1228(c).

14. The defendant has waived the opportunity to pursue any and all forms of relief and protection from removal.

WHEREFORE, IT IS HEREBY ORDERED, pursuant to Section 238(c) of the INA, 8 U.S.C. § 1228(c), that the defendant shall be removed from the United States promptly upon his release from confinement, or, if the defendant is not sentenced to a term of imprisonment, promptly upon his sentencing, and that the defendant be ordered removed to the Dominican Republic.

Dated: New York, New York
January 3, 2020

THE HONORABLE GREGORY WOODS
UNITED STATES DISTRICT JUDGE